OPINION
{¶ 1} Defendant-Appellant Mary A. Grimes ("Grimes") appeals from the April 22, 2008 Amended Judgment Entry of the Marion Municipal Court for Marion County, Ohio finding her guilty of Failure to Yield to a Pedestrian at a Crosswalk pursuant to Marion City Ordinance 371.01.
 {¶ 2} This matter stems from events occurring in Marion, Ohio on October 24, 2007. On this date at approximately 7:00 a.m., Grimes was operating her vehicle on Mount Vernon Avenue when she attempted to make a left-hand turn onto Pennsylvania Avenue. At the same time, a pedestrian was walking across Pennsylvania Avenue when she was struck by the vehicle being operated by Grimes.
 {¶ 3} This matter proceeded to a trial to the court on January 10, 2008. At the close of all the evidence, the trial court found Grimes guilty of the charge of Failure to Yield to a Pedestrian at a Crosswalk pursuant to Marion City Ordinance 371.01 and ordered her to pay a fine of $70.00 plus court costs. This sentence was journalized by the trial court in its April 22, 2008 Amended Judgment Entry.
 {¶ 4} Grimes now appeals, asserting one assignment of error.
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN FINDING THAT MARION CITY ORDINANCE 371.01APPLIED IN RULING THAT *Page 3 DEFENDANT-APPELLANT WAS GUILTY OF VIOLATING SAID ORDINANCE.
 {¶ 5} As a preliminary matter we note that Grimes has not specifically alleged how the trial court erred, nor has she cited to any legal authority in support of her assignment of error. However, we presume that she is attempting to challenge the sufficiency of the evidence presented at trial. Accordingly, we shall review the merits of Grimes's assignment of error under a sufficiency of the evidence standard.
 {¶ 6} When reviewing the sufficiency of the evidence to support a criminal conviction, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492 at paragraph two of the syllabus.
 {¶ 7} In the present case, Grimes was convicted of violating Marion City Ordinance 371.01 which provides, in relevant part, as follows:
 DUTIES OF PEDESTRIANS AND DRIVERS AT CROSSWALKS.
 (A) When traffic control signals are not in place, not in operation, or are not clearly assigning the right-of-way, the driver of a vehicle shall yield the right-of-way, slowing down or stopping if need be to so yield or if required by R.C. 4511.132, to a pedestrian crossing the roadway within a crosswalk when the pedestrian is upon the half of the roadway upon which the *Page 4 vehicle is traveling, or when the pedestrian is approaching so closely from the opposite half of the roadway as to be in danger.
 {¶ 8} Our review of the record reveals that at the January 10, 2008 trial, the State presented the testimony of Angeline Patete ("Patete") who testified that she was hit by Grimes's vehicle on October 24, 2007. Patete testified that at approximately 7:00 a.m. she was walking home from work, and as she was crossing Pennsylvania Avenue she noticed Grimes's vehicle approaching in an easterly direction. Specifically, Patete testified as follows:
 She [Grimes] turned on her signal, she stopped. I was already crossing the street, and there was traffic coming this way, and I guess she was trying to beat the traffic and she turned and I seen (sic) her coming, I guess I was trying to run because I seen (sic) her getting close to me, and I guess I ran too late, and she hit me on the driver's side of the headlight.
Patete also testified that there were no crosswalk lines marked on the road where she was crossing Pennsylvania Avenue.
 {¶ 9} Additionally, the State presented the testimony of Officer Anthony Pahl ("Pahl") who testified that he has been a police officer for the City of Marion for almost 18 years. Pahl testified that he responded to an incident on October 24, 2007 where a pedestrian had been hit on Mount Vernon and Pennsylvania Avenues. Pahl testified that when he reported to the scene he found Patete lying in the roadway beside Grimes's car. Pahl also testified that Grimes indicated to him that she had been driving the car. Additionally, Pahl testified that there was *Page 5 
not a marked crosswalk where Patete had been struck by Grimes. On cross-examination, Pahl testified that there was no marked crosswalk at the location where Patete had been struck, but testified that he had conferred with Mark Russell [law director for the City of Marion] who advised him to charge Grimes under Marion City Ordinance 371.01.
 {¶ 10} At the close of the State's case, Grimes moved to dismiss the case based upon the testimony presented that there was no crosswalk where Patete was struck by Grimes's vehicle and accordingly, that Grimes had been charged under an incorrect ordinance. In response to Grimes's motion to dismiss, the State argued that the ordinance under which Grimes was charged related to the need to yield to a pedestrian crossing the roadway and does not designate between marked or unmarked crosswalks.
 {¶ 11} Our review of the record reveals that in addressing Grimes's motion to dismiss, the trial court also referenced Marion City Ordinance 301.09 which provides, in relevant part, as follows:
 CROSSWALK.
 (1) That part of a roadway at intersections ordinarily included within the real or projected prolongation of property lines and curb lines or, in the absence of curbs, the edges of the of the traversable roadway;
 (2) Any portion of a roadway at an intersection or elsewhere, distinctly indicated for pedestrian crossing by lines or other markings on the surface; *Page 6 
 {¶ 12} On appeal, Grimes concedes that the word "crosswalk" is not specifically defined within Marion City Ordinance 371.01 to include marked or unmarked crosswalks, however, it appears that Grimes is arguing that the trial court erred by misinterpreting the definition of "crosswalk" as contained in Marion City Ordinance 301.09. Specifically, Grimes alleges that the trial court relied solely on subsection 301.09(1) in overruling her motion to dismiss when subsection 301.09(2) provides additional substance to the definition of a crosswalk. Additionally, Grimes alleges that 371.01 should be read in conjunction with Marion City Ordinance 371.03 and that the trial court erred in not considering 371.03 which provides, in relevant part, as follows:
 RIGHT OF WAY YIELDED BY PEDESTRIAN; CROSSING ROADWAYS.
 (A) Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right of way to all vehicles upon the roadway.
 {¶ 13} Our review of the record reveals that Patete specifically testified that when she was crossing Pennsylvania Avenue, she was simply walking in a straight line, from one sidewalk to the other sidewalk across the street. Additionally, we note that Officer Pahl testified that when he arrived on the accident scene, he found Patete lying "almost right in the center" of the roadway itself and that Patete was in such a position "if you took lines and made them *Page 7 
parallel across the road from one sidewalk to the other" that is where she was lying in the roadway after having been struck by Grimes's vehicle.
 {¶ 14} Additionally, we note that the definition of "crosswalk" as contained in Marion City Ordinance 301.09(1) and (2) is exactly the same as the definition of "crosswalk" as contained in Ohio Revised Code Section 4511.01(LL)(1) (referencing unmarked crosswalks) and (2) (referencing marked crosswalks). This court has previously referenced the definition of "crosswalk" as contained in R.C. 4511.01 and noted that "crosswalks may be either marked or unmarked as is shown by subparagraph 2 [in R.C. 4511.01] providing for marked crosswalks at intersections or elsewhere." Drummond v. Bond (Aug. 1, 1978), 3rd Dist. No 5-78-12, unreported.
 {¶ 15} Based on the foregoing, we find that there was sufficient evidence presented for the trial court to determine that the location where Patete was struck by Grimes's vehicle meets the definition of an unmarked crosswalk pursuant to Marion City Ordinance 301.09. Accordingly, as Patete was traversing a crosswalk at the time she was struck by Grimes's vehicle, we find that there was sufficient evidence presented for the trial court to determine that Grimes breached her duty as a driver pursuant to Marion City Ordinance 371.01 when approaching a crosswalk, whether marked or unmarked. *Page 8 
 {¶ 16} Accordingly, we find that the trial court did not abuse its discretion or act contrary to law by finding Grimes guilty of violating Marion City Ordinance 371.01. Moreover, we find that Grimes's conviction was supported by sufficient evidence. Therefore, the April 22, 2008 Amended Judgment Entry of the Marion Municipal Court is affirmed.
Judgment Affirmed.
 PRESTON and WILLAMOWSKI, J.J., concur. *Page 1